

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-75,970

**JEFFERY LEE WOOD, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR PREPAYMENT OF FUNDS TO RETAIN MENTAL HEALTH EXPERT, ON APPEAL FROM MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR PREPAYMENT OF FUNDS TO RETAIN MENTAL HEALTH EXPERT, AND ON MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 3038-98 IN THE 216TH JUDICIAL DISTRICT COURT KERR COUNTY**

*Per Curiam*.

## O P I N I O N

We have before us a document called the appellant's brief, "On Motion for

Appointment of Counsel and Request for Prepayment of funds to Retain Mental Health

Expert to Assist Him in Preparing Article 46.05 Motion"; a notice of appeal regarding the

trial court's ruling on that motion; and a motion for stay of execution.

In March 1998, a jury found appellant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set appellant's punishment at death. This Court affirmed appellant's conviction and sentence on direct appeal. *Wood v. State*, 18 S.W.3d 642 (Tex. Crim. App. 2000). Appellant timely filed an initial application for writ of habeas corpus in the trial court, and this Court denied relief on May 9, 2001. *Ex parte Wood*, No. WR-45,400-01 (Tex. Crim. App. May 9, 2001)(not designated for publication).

Subsequently, the trial court set appellant's date of execution for August 21, 2008. On August 14, 2008, appellant filed a motion with the trial court to appoint counsel and grant him funds to retain a mental health expert to help make the required showing under Article 46.05 that he is incompetent to be executed. On August 17th the trial court denied the motion with the comment that the "threshold showing required under 46.05 [was] not met." Appellant now appeals the ruling on that motion to this Court or, alternatively, requests direct action from this Court.

With regard to appellant's request for direct action of this Court, this Court does not appoint counsel under Article 46.05, nor is there any provision under which we can grant funding. Therefore, to the extent this is a direct motion for this Court to act, the motion is denied.

With regard to appellant's notice of appeal on the trial court's denial of his motion to appoint counsel and grant funding, this case is dismissed. Article 46.05(l-1) prohibits this Court from reviewing a ruling made pursuant to Article 46.05 unless the motion was filed more than 20 days before the defendant's scheduled execution date. The motion was filed only seven days before the defendant's scheduled execution date. Therefore, by statute, we are prohibited from reviewing the matter.

To any extent appellant intended the motion filed in the trial court to be a general due process request for the tools necessary to meet the dictates of Article 46.05, and not an actual motion requesting a finding on appellant's competency under Article 46.05, there is no provision for an appeal on a ruling on such a motion. Thus, appellant's appeal is dismissed. Appellant's motion for stay of execution is denied.

Do not publish
Delivered: August 19, 2008